CÉSAR R. MIRANDA, COMISIONADO ELECTORAL DEL PARTIDO POPU-LAR DEMOCRÁTICO, demandante y peticionario, *v.* COMISIÓN ESTATAL DE ELECCIONES, demandada y recurrida, y el DE-PARTAMENTO DE EDUCACIÓN, interventor y recurrido; DAMA-RIS B. MANGUAL VÉLEZ y OTROS *v.* COMISIÓN ESTATAL DE ELEC-CIONES, apelada, y el DEPARTAMENTO DE EDUCACIÓN, interventor y apelante.

Números: CC-96-354    Resueltos: 16 de octubre de 1996
CC-96-356

*Gerardo De Jesús Annoni,* abogado del Comisionado Electoral del Partido Popular Democrático, peticionario; *Gilberto Concepción Suárez,* abogado de los recurridos.

## RESOLUCIÓN

Se consolidan los recursos del epígrafe.

Vista la solicitud, el memorando y los documentos anejos, se concede a la Comisión Estatal de Elecciones y al interventor recurrido, el Departamento de Educación, un término perentorio que habrá de expirar el lunes 21 de octubre de 1996 para que comparezcan por escrito a mostrar causa, si la hubiese, por la cual no deba expedirse el auto solicitado y revocar aquella parte de la sentencia del Tribunal de Circuito de Apelaciones que, a su vez, dejó sin efecto la sentencia del Tribunal de Primera Instancia, la cual ordenó al Departamento de Educación la remoción de las estrellas ubicadas sobre el techo de sus oficinas principales, así como los rótulos frente al Departamento y a las escuelas del país.

*Notifíquese por teléfono, además de la vía ordinaria.*

Lo acordó el Tribunal y certifica el señor Secretario del Tribunal Supremo. La Juez Asociada Señora Naveira de Rodón está conforme con que se le concediera a la Comisión Estatal de Elecciones y al Departamento de Educación un término para que se expresen. El Juez Asociado Señor Corrada Del Río emitió un voto disidente.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario del Tribunal Supremo*

— O —

Voto disidente del Juez Asociado Señor Corrada Del Río.

Luego de analizar con detenimiento los recursos presentados en el caso de autos, no podemos suscribir la posición asumida por la mayoría de este Tribunal.

Disentimos de la orden que hoy emite este Tribunal, a los efectos de conceder un término a la Comisión Estatal de Elecciones y al Departamento de Educación para que muestren causa, si la hubiese, por la cual no deba expedirse el auto solicitado, y revocar aquella parte de la sentencia del Tribunal de Circuito de Apelaciones que, a su vez, dejó sin efecto la sentencia del Tribunal de Primera Instancia que ordenó al Departamento de Educación la remoción de las estrellas ubicadas en el techo de sus oficinas principales, así como los rótulos frente al Departamento y a las escuelas del país. Ello, en vista de que este Tribunal carece de jurisdicción para atender, en primera instancia, la controversia planteada.

Como bien sostuvo el Tribunal de Circuito de Apelaciones, Circuito Regional I, en su Sentencia de 4 de octubre de 1996, el asunto aquí planteado nunca estuvo ante la consideración de la Comisión Estatal de Elecciones. En ningún momento las partes sometieron ante la Comisión Estatal de Elecciones, o ante la Junta de Anuncios, solicitud alguna para que dichos organismos administrativos evaluaran si los anuncios incluidos en los rótulos provistos por el Departamento de Educación, o la estrella colocada en el edificio central de dicha dependencia gubernamental, cumplían o no con los requisitos necesarios para su exhibición durante el año electoral.

En consecuencia, resulta incuestionable que el foro de instancia carecía de jurisdicción para considerar la legalidad o ilegalidad de tal exhibición. Su función revisora debió limitarse a evaluar la corrección de la determinación de

la Comisión Estatal de Elecciones referente a la evaluación o aprobación de los anuncios que fueran sometidos por el Departamento de Educación ante la Junta de Anuncios. Ello, según le fuera planteado por las partes en su recurso de revisión judicial de una decisión administrativa.

Por los fundamentos que anteceden, procede declarar no ha lugar tanto la expedición de los autos solicitados, como las mociones en auxilio de jurisdicción sometidas junto con los recursos consolidados de epígrafe.